UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ARCHIE HAIRSTON,

        Petitioner,

        v.                               CAUSE NO.: 1:20-CV-467-HAB-SLC

WARDEN,

        Respondent.

OPINION AND ORDER

Archie Hairston, a prisoner without a lawyer, filed a habeas corpus petition

under 28 U.S.C. § 2254 challenging his conviction in Allen County for domestic battery

under Cause No. 02D05-1712-F5-363.[1] (ECF 1.) Pursuant to Rule 4 of the Rules

Governing Section 2254 Cases, the court must conduct a preliminary review of the

petition and dismiss it "[i]f it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief[.]"

Public court records reflect that in 2017 Mr. Hairston was charged with domestic

battery, strangulation, and interference with the reporting of a crime. *See State v.*

*Hairston*, No. 02D05-1712-F5-363 (Allen Sup. Ct. filed Dec. 20, 2017), *available at*

*https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6ImFDbl9E*

*OGJEWmowTGVwc2lGNEpLY09yVHpWdjdZUWo5d2ZsNUJhNWhUemMxIn19*. He was

---

[1] Mr. Hairston left certain questions blank on the petition including the cause number of the state
conviction he is challenging. However, it is clear from the information he did provide, combined with
public court records, that he is challenging the Allen County domestic battery conviction. The court is
permitted to take judicial notice of public court records in ruling on the petition. *See* FED. R. EVID. 201.

initially found incompetent to stand trial. *Id.* at 6. After approximately three months of treatment, the court found that Mr. Hairston had regained his competency. *Id.* at 8. Thereafter, Mr. Hairston pleaded guilty to domestic battery in exchange for dismissal of the other counts. *Id.* at 9-10. On December 27, 2018, he was sentenced to a suspended four-year prison term and four years of probation. *Id.* at 10.

In February 2020, the state petitioned to revoke Mr. Hairston's probation. *Id.* at 12. He subsequently admitted to violating the terms of his probation. *Id.* at 13. On March 13, 2020, the court revoked his probation and ordered him to serve the remainder of his four-year sentence on home confinement. *Id.* at 14. Just two months later, the state filed a petition to revoke his placement on home confinement. *Id.* On May 20, 2020, the trial court revoked his placement on home confinement and entered an amended sentence requiring him to serve four years in prison.[2] *Id.* Mr. Hairston did not pursue a direct appeal or state post-conviction relief. (ECF 1 at 1-2.)

On December 14, 2020, Mr. Hairston filed his federal petition. (ECF 1.) Giving the petition liberal construction, he claims that his constitutional rights were violated when the trial court revoked his home confinement on May 20, 2020, and sentenced him to a term of incarceration. He appears to claim that the trial court erred by not returning him to home confinement, and that he was not adequately notified of the conditions of his

---

[2] State court records reflect that Mr. Hairston was separately charged and found guilty of "unauthorized absence from home detention" in violation of Indiana Code § 35-38-2.5-13. *State v. Hairston*, No. 02D06-2005-CM-001435 (Allen Sup. Ct. filed May 11, 2020), *available at* https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IlVtQmoxQ2p4bFM5VUxpcG FpMjVNZEhiOVRBcDBuUnJxWHg4RDczVHE4aUExIn19. He was sentenced to 120 days in prison, in addition to the four-year sentence he received on the domestic battery charge. *See id.* at 2.

home confinement and/or did not have the requisite mental capacity to understand his obligations. (*Id.* at 3-4.)

Before considering the merits of a claim contained in a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Hoglund v. Neal*, 959 F.3d 819, 832 (7th Cir. 2020). The exhaustion requirement is premised on a recognition that the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). For that opportunity to be meaningful, the petitioner must fairly present his federal constitutional claims in one complete round of state review. *Boerckel*, 526 U.S. at 845; *Hoglund*, 959 F.3d at 832-33. This includes seeking discretionary review in the state court of last resort. *See Boerckel*, 526 U.S. at 848.

Upon review, the petition reflects that Mr. Hairston has not yet presented his claims in one complete round of state review. He acknowledges that he did not pursue a direct appeal or seek state post-conviction relief after the trial court sentenced him to a term of incarceration. (ECF 1 at 3-4.) Therefore, he has not exhausted his state court remedies. He suggests that the exhaustion requirement should be excused because he is in the "psyche" unit in prison and is "ignorant of the law." (*Id.*) However, there are only two statutory exceptions to the exhaustion requirement: (1) if "there is an absence of available State corrective process," or (2) if "circumstances exist which render such

3

process ineffective to protect the rights of the applicant."[3] 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). Mr. Hairston has available state court remedies, and there is no basis to conclude that these remedies will be ineffective in protecting his rights before he even tries to pursue them. Although he points to his mental health issues and ignorance of the law, he was able to obtain and complete the necessary forms to seek relief in this court, and there appears to be no reason he cannot do the same thing in state court. Therefore, this case must be dismissed for lack of exhaustion.

Before dismissing a habeas corpus petition because it is unexhausted, the court should consider "whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). However, a stay is permitted in only "limited circumstances," because if it were employed too frequently the purposes of AEDPA would be undermined. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A stay "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings," and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* In other words, a stay "effectively excuses a petitioner's failure to present his claims first to the state courts," and is thus warranted

---

[3] The Seventh Circuit has held that inordinate delay in the state proceedings can satisfy the second exception. *Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995). No delay has occurred here, as Mr. Hairston was sentenced earlier this year and acknowledges that he has not pursued any form of relief with the state appellate courts.

only when the petitioner can establish good cause for his failure to exhaust his claims in

state court before seeking federal habeas relief. *Id.*

Mr. Hairston's home confinement was revoked and the court entered an

amended sentence of incarceration on May 20, 2020. *See Burton v. Stewart*, 549 U.S. 147,

156 (2007)("Final judgment in a criminal case means sentence. The sentence is the

judgment."). He did not pursue a direct appeal, and so his conviction became final for

purposes of AEDPA when the time for filing a direct appeal expired 30 days after the

trial court's judgment. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (for habeas

petitioners who do not complete all levels of state review, the judgment becomes final

when the time for filing a further appeal expires); IND. R. APP. P. 9(A) (providing that

appeal is due no later than 30 days from the trial court's judgment). He has at least one-

year from the date his conviction became final to seek federal habeas review. *See* 28

U.S.C. § 2244(d)(1).

Mr. Hairston thus has several months remaining on the one-year clock, and the

deadline would be tolled during the time any state post-conviction petition is pending.

28 U.S.C. § 2244(d)(2). If he acts diligently, he should have sufficient time to return to

federal court after exhausting his claims in state court. Furthermore, he has not

provided good cause for failing to present his claims to the state courts before seeking

federal habeas relief. It appears he simply preferred to bypass the state courts and

proceed directly to this court, but "it would be unseemly in our dual system of

government for a federal district court to upset a state court conviction without an

opportunity to the state courts to correct a constitutional violation." *Rhines*, 544 U.S. at

274 (citation omitted). Therefore, the court declines to enter a stay in this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, this court must consider

whether to grant or deny a certificate of appealability. To obtain a certificate of

appealability when the petition is dismissed on procedural grounds, the petitioner must

show that reasonable jurists would find it debatable (1) whether the court was correct in

its procedural ruling and (2) whether the petition states a valid claim for denial of a

constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds no basis

to conclude that reasonable jurists would debate the outcome of the petition, or that

there is a reason to encourage Mr. Hairston to proceed further without first exhausting

his available state court remedies. Therefore, a certificate of appealability will be denied.

As a final matter, Mr. Hairston moves for the appointment of counsel. (ECF 2.) A

state prisoner pursuing federal habeas relief is entitled to counsel when he is under a

death sentence, which Mr. Hairston is not. *See* 18 U.S.C. § 3599(a)(2); *McFarland v. Scott*,

512 U.S. 849, 855 (1994). Counsel must also be appointed in a habeas case when an

evidentiary hearing is necessary to resolve the petition. Rule 8(c) of the Rules Governing

Section 2254 Cases. The court has scheduled no such hearing in this case, nor is one

necessary to resolve the petition. Therefore, whether to appoint counsel is purely a

discretionary matter. *See* 18 U.S.C. § 3006A(a)(2)(B) ( "Whenever . . . the court

determines that the interests of justice so require, representation may be provided for

any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255

of title 28."); *see also Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997); *Pruitt v.*

*Mote*, 503 F.3d 647, 654 (7th Cir. 2007). The court will abuse its discretion in declining to appoint counsel only "if, given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have had a reasonable chance of winning with a lawyer at his side." *Winsett*, 130 F.3d at 281 (citation omitted).

Mr. Hairston acknowledges that he has a General Equivalency Diploma, and it is apparent from his filings that he is fully literate. Although he references mental health issues, as noted above, he was able to obtain the necessary forms, complete them, and make cogent arguments in support of his position. His filings, although perhaps inartful, are fully lucid. His petition cannot be considered on the merits due to his failure to satisfy the exhaustion requirement, and there is no indication that he would have a reasonable chance of a different result if the court were to appoint counsel to represent him. Therefore, his motion for counsel is denied.

For the foregoing reasons, the court:

(1) DISMISSES the habeas corpus petition (ECF 1) without prejudice;

(2) DENIES the petitioner a certificate of appealability;

(3) DENIES the motion for appointment of counsel (ECF 2); and

(4) DIRECTS the clerk to close this case.

SO ORDERED on December 17, 2020.

s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

7